# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

JEFFERY ADAMS, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

KAUFFMAN SALES AND RENTAL, INC., d/b/a Clark Equipment; and
MICHAEL KAUFFMAN, individually,

    Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff Jeffery Adams ("Plaintiff"), on behalf of himself and all others similarly situated, by and through counsel, Leventhal Swan Taylor Temming PC and Billhorn Law Firm, complains as follows:

### NATURE OF THE ACTION

1. This action is brought on behalf of all mechanics and local equipment delivery drivers holding comparable positions with different titles (collectively "Mechanics and Drivers") employed by Kauffman Sales and Rental, Inc., d/b/a Clark Equipment ("KSR") and Mike Kauffman ("Defendant Kauffman") (collectively "Defendants") in Colorado during the last three (3) years, plus any period of tolling, and who were not properly paid overtime compensation.

2. This case is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*., the Colorado Overtime and Minimum Pay Standards Order ("COMPS Order") #39, 7 CCR §§ 1103-1 *et seq*., and the Colorado Wage Act ("CWA"), C.R.S. §§ 8-4-101 *et seq*.

1

3. This case is also brought as a class action under Fed. R. Civ. P. 23 pursuant to the Colorado Overtime and Minimum Pay Standards Order #39, 7 CCR §§ 1103-1 *et seq*., and the Colorado Wage Act, C.R.S. §§ 8-4-101 *et seq*. Plaintiff alleges that Defendants violated the COMPS Order and the CWA by failing to pay Mechanics and Drivers overtime compensation at applicable rates as required by law.

## JURISDICTION AND VENUE

4. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Colorado statutory claims, pursuant to 28 U.S.C. §1367.

5. Venue lies in the District of Colorado in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants were or are engaged in business in this District.

6. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a claim under the FLSA.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the FLSA claim that they form part of the same case or controversy.

8. KSR is subject to personal jurisdiction in Colorado because it is registered in Colorado, has availed itself of the privilege of conducting substantial business in Colorado, and certain of the acts and omissions alleged herein arise out of KSR's activities in Colorado.

9. Defendant Kauffman is likewise subject to personal jurisdiction in Colorado because he owns, operates, and manages KSR, is himself domiciled in Colorado, availed himself of the privilege of conducting substantial business in Colorado, and certain of the acts and omissions

alleged herein arise out of Defendant Kauffman's activities in Colorado.

## THE PARTIES

10. Plaintiff is, and was at all times relevant to this action, an adult individual domiciled in Colorado.

11. Defendant KSR is registered under the laws of the State of Colorado with its principal place of business located at 58805 U.S. Highway 36, Strasburg, Colorado 80136.

12. Defendant Kauffman is the founder, owner, and manager of KSR. Upon information and belief, Defendant Kauffman is domiciled at 887 Pawnee Street, Strasburg, Colorado 80136.

13. Defendants are primarily in the business of providing new and used heavy outdoor equipment (*e.g.*, loaders, backhoes, skid steers, semi-trucks, trailers, tractors, and lawn mowers) for sale or rental to customers. Defendants also provide heavy equipment repair services to customers.

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff seeks to prosecute his FLSA claim as an "opt-in" collective action on behalf of all persons who are or were employed by Defendants as Mechanics and Drivers (or similar title as defined *supra*) in Colorado at any time in the last three (3) years, plus any period of tolling, through the entry of judgment in this case and who were not paid overtime for all hours worked over 40 in a work week ("Collective").

15. Plaintiff will fairly and adequately protect the interests of the members of the Collective and has retained counsel who are experienced and competent in the fields of wage and hour law and collective action litigation. Plaintiff has no interest contrary to or in conflict with the

members of the Collective.

16. The members of the Collective are similarly situated because, among other things, they were all victims of the same company-wide policies and procedures that failed to pay them all the wages to which they are entitled under the FLSA.

## CLASS ACTION ALLEGATIONS

17. Plaintiff sues on his own behalf and on behalf of a class of employees under Rules 23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure based on Defendants' violations of the COMPS Order and the CWA.

18. Plaintiff brings his Colorado state law claims on behalf of all employees who were employed by Defendants in Colorado as Mechanics and/or Drivers at any time in the last three (3) years, plus any period of tolling, through the date of the entry of judgment in this case who hold or held the position of a Mechanic and/or Driver (or similar title as defined *supra*) and who was not paid overtime compensation for all hours worked or at an appropriate rate of pay for all hours worked, including hours over 40 in a work week and/or 12 in a work day ("Overtime Class").

19. The members of the Overtime Class are so numerous that joinder of them is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are dozens of members of the Overtime Class.

20. Plaintiff's claims are typical of the claims of the members of the Overtime Class.

21. Plaintiff performed the same essential job duties as the members of the Overtime Class; Defendants paid Plaintiff and the members of the Overtime Class pursuant to the same

policies and procedures; and Plaintiff and the members of the Overtime Class were victims of the same wrongful conduct in which Defendants engaged in violation of the COMPS Order and the CWA.

22. The class action mechanism is superior to any alternatives which may exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which injured parties can effectively litigate against corporate defendants like Defendant KSR. Numerous repetitive individual actions would also place an undue burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendants' conduct.

23. Defendants have acted or refused to act on grounds generally applicable to the Overtime Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Overtime Class as a whole.

24. Plaintiff is committed to pursuing this action and has retained competent counsel who are experienced in wage and hour law and class action litigation.

25. Plaintiff will fairly and adequately protect the interests of the members of the Overtime Class.

26. There are questions of law and fact common to the Overtime Class which predominate over any questions solely affecting the individual members of the Overtime Class,

including, but not limited to:

 a. Whether Defendants employed the members of the Overtime Class within the meaning of the COMPS Order and the CWA;

 b. Whether Defendants' policies and practices described within this Complaint are illegal;

 c. Whether Defendants properly paid the members of the Overtime Class for all hours, including hours worked above 40 hours in a work week and/or 12 hours in a work day;

 d. Whether Defendants properly tracked and/or calculated the number of overtime hours payable to the members of the Overtime Class based on their beyond 40 hours in a work week and/or 12 hours in a work day;

 e. What proof of hours worked is sufficient where, as here, Defendants failed in their duty to keep and maintain accurate time records; and

 f. Whether Defendants are liable for all damages claimed hereunder.

## STATEMENT OF FACTS

27. Defendants sell, rent, and service new and used heavy outdoor equipment (*e.g.*, loaders, backhoes, skid steers, semi-trucks, trailers, tractors, and lawn mowers) for customers.

28. Mechanics and Drivers follow standardized processes involving techniques and procedures implemented by Defendants, and they work within closely prescribed limits imposed by Defendants. Defendants employ all Mechanics and Drivers and establish their pay practices.

29. Defendant Kauffman controls scheduling, work assignments, duties, and compensation for all Mechanics and Drivers, including Plaintiff.

30. Mechanics and Drivers are classified as exempt workers and are compensated on a salary basis. Mechanics and Drivers are paid each week. Mechanics and Drivers should be paid for all hours worked, including overtime compensation for hours worked over 40 in a work week and/or over 12 in a workday.

31. Defendants purchase new and used heavy outdoor equipment from outside of Colorado for sale to customers inside of Colorado.

32. Defendants are engaged in and generate revenue from substantial business performed within Colorado.

33. Mechanics and Drivers are all salary-exempt workers who are paid a flat weekly salary for all hours worked over 40 in a work week and/or over 12 in a work day.

34. Upon information and belief, Mechanics and Drivers are paid on an IRS Form W-4 for local, state, and federal tax reporting purposes.

35. Defendants employed Plaintiff as a Mechanic and Driver at their Strasburg, Colorado facility. Plaintiff began his employment on or about January 2017 and separated his employment in February 2024.

36. KSR bought Clark Equipment in 2019 and changed the name to Kauffman Sales and Rental, Inc.

37. Prior to Defendant Kauffman's purchase of Clark Equipment, Plaintiff was paid hourly and received overtime for all hours worked over 40 in a work week and/or 12 in a work day.

38. After Defendant Kauffman purchased Clark Equipment, he advised Plaintiff and all other Mechanics and Drivers they would be classified as salary-exempt employees and no

longer paid overtime for their work hours over 40 in a work week or 12 in a work day.

39. Plaintiff, and members of the Collective and Overtime Class continued to work the same schedule for Defendants, which was 8:00 a.m. to 5:00 p.m. Monday through Friday, and Saturday, from 8:00 a.m. to 12:00 p.m. Plaintiff and members of the Collective and Overtime Class work, and continue to work, approximately 47 or more hours per work week.

40. Plaintiff and members of the Collective and Overtime Class were to receive a one-hour meal break during their nine (9)-hour work day. However, meal breaks were regularly interrupted to attend to customers or perform other duties as assigned by Defendants. Neither Plaintiff nor members of the Collective and Overtime Class were paid for work performed during meal breaks.

41. In approximately January 2023, Plaintiff and members of the Collective and Overtime Class started to see deductions from their pay for partial absences (*e.g.*, medical appointments, family matters, other approved partial absences, or tardies).

42. Defendants would regularly deduct one or two hours of pay for partial absences of Plaintiff and members of the Collective and Overtime Class. When Defendants executed pay deductions for partial absences, Defendants converted Mechanics and Drivers to hourly employees for the sole purpose of effectuating the partial absence deductions. Defendants did not pay Mechanics and Drivers for hours worked over 40 hours per work week when on salary but converted them to hourly pay when it benefitted them.

43. Aside from Defendants' partial absence deduction policy, Plaintiff's wages and classification remained the same throughout the duration of his employment with Defendants.

44. Plaintiff performed a variety of duties for Defendants. Plaintiff spent some of his

8

work hours as a mechanic servicing equipment sold and/or rented by Defendants.

45. Plaintiff was also required to make local deliveries of equipment sold or rented to Defendants' customers. Plaintiff made local deliveries for Defendants several times per month.

46. Plaintiff regularly worked at least 47 hours per week over six days per week.

47. Defendants did not require Plaintiff or members of the Collective of Overtime Class to clock in or out for their shifts. Defendants did not maintain a timekeeping policy.

48. Plaintiff was paid via direct deposit by Defendants' payroll processor. Defendants never provided Plaintiff with copies of his paystubs or paychecks.

49. Plaintiff regularly worked more than 40 hours each week and/or 12 hours in a work day but never received overtime pay at one and one-half his regular rate.

50. Plaintiff and all other mechanics and/or drivers were employed under identical or substantially similar terms.

51. Plaintiff and members of the Collective and Overtime Class were directed by Defendants to strictly adhere to instructions and policies implemented by Defendants.

52. Plaintiff and members of the Collective and Overtime Class engaged in essential job duties and tasks daily that directly related and contributed to Defendants' primary business of sales and service generating revenues and profits that benefitted Defendants.

53. Defendants failed to pay overtime wages to members of the Collective and Overtime Class.

54. The common terms of employment for Mechanics and Drivers, including the pay practices identified herein, were intentionally and purposefully made identical by Defendants.

55. The uniform and common practices and policies implemented by Defendants,

including the job duties and compensation structure, applied to all Mechanics and Drivers, including Plaintiff.

56. Due to the uniform and common policies and practices implemented by Defendants, most, if not all, of the mechanics and drivers' job duties as described were determined by Defendants.

57. Defendants previously employed Plaintiff. Defendants continue to employ members of the Collective and Overtime Class as alleged herein.

58. Plaintiff and members of the Overtime Class were and are entitled to the wage protections afforded by the CWA which apply to timely payment of all earned wages.

59. Defendants have failed to pay Mechanics and Drivers, including Plaintiff, overtime pay and continue their pay practices to this day.

60. Defendants have failed to pay Mechanics and Drivers, including Plaintiff, wages for work performed during meal breaks and continue their pay practices to this day.

61. Defendants have a uniform policy and practice to not pay Mechanics and Drivers overtime wages for all hours worked more than 40 each work week and/or 12 each work day.

62. The common terms of employment for Mechanics and Drivers were intentionally and purposefully made identical by Defendants and applied to all members of the Overtime Class.

63. Defendants' violations of the FLSA and CWA are not in good faith. Defendants are, and have been, aware of their legal obligation to pay overtime compensation to Plaintiff and members of the Collective and Overtime Class. Defendants' violations of the FLSA and CWA are willful because, among other things, Plaintiff complained to Defendants about Defendants' failure to pay overtime wages during his employment and Defendants failed to take remedial action.

## FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT – COLLECTIVE ACTION

64. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

65. At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce within the meaning of the FLSA.

66. At all relevant times, Defendants employed, and/or continue to employ, each of the members of the Collective within the meaning of the FLSA.

67. At all relevant times, Defendants have had gross annual revenues in excess of $500,000.

68. At all relevant times, Defendants have had a uniform policy and practice to not pay Mechanics and Drivers overtime compensation for all overtime hours worked at legally mandated rates.

69. As a result of Defendants' failure to properly compensate Mechanics and Drivers, including Plaintiff and the members of the Collective, Defendants have violated, and continue to violate, the FLSA.

70. As employers within the meaning of the FLSA, Defendants have a duty to create and maintain accurate records of employee hours.

71. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

72. Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the members of the Collective, is entitled to recover from Defendants unpaid overtime compensation, liquidated damages, Defendants' share of FICA, FUTA, state unemployment insurance, and any

other required employment taxes, attorneys' fees, costs, and disbursements of this action pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### COMPS ORDER – CLASS ACTION

73. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

74. At all relevant times, Plaintiff and the members of the Overtime Class were employed by Defendants within the meaning of the COMPS Order.

75. Because Defendants were, at all relevant times, employers within the meaning of the FSLA, they were also employers within the meaning of the COMPS Order pursuant to 7 CCR § 1103-7-2.7.

76. Defendants violated the COMPS Order by failing to pay Mechanics and Drivers all overtime compensation to which they are entitled at the legally required rates.

77. Under 7 CCR § 1103-5.1, employees are "entitled to an uninterrupted and duty-free meal period of at least a 30-minute duration when the shift exceeds 5 consecutive hours."

78. Defendants' failure and refusal to permit Plaintiff and members of the Overtime Class to take uninterrupted meal breaks, as required by law, was in violation of the Meal and Rest Periods provision of 7 CCR § 1103-5.1.

79. Because Defendants did not permit Plaintiff and members of the Overtime Class to take an uninterrupted meal break, Plaintiff and members of the Overtime Class were required to work through meals but were not compensated for that work time.

80. Plaintiff and the members of the Overtime Class are entitled to recover from Defendants compensation (including hours worked during meal breaks and overtime) at the appropriate premium for all hours worked over 40 in a work week and 12 in a work day, any

statutory penalties, Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, attorneys' fees, costs, and disbursements of this action pursuant to the COMPS Order.

### THIRD CLAIM FOR RELIEF
### COLORADO WAGE ACT – CLASS ACTION

81. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

82. At all relevant times, Plaintiff and the members of the Overtime Class were employed by Defendants within the meaning of C.R.S. § 8-104-101(5).

83. Because Defendants were, at all relevant times, employers within the meaning of the FLSA, they were also employers within the meaning of the CWA pursuant to C.R.S. § 8-104-101(6).

84. The CWA defines wages as "[a]ll amounts for labor or service performed by employees," regardless of whether "the amount is fixed or ascertained by the standard of time." Wages, as defined by the CWA, are governed by the Act once the amounts are "earned, vested, and determinable." C.R.S. § 8-4-101(14)(a)(I)-(III).

85. Pursuant to the CWA, C.R.S. § 8-4-101(14)(a)(II)-(III), Plaintiff and members of the Overtime Class worked hours at or below 40 hours in individual work weeks which were required to be paid at their regular hourly rates of pay.

86. Pursuant to the CWA, C.R.S. § 8-4-101(14)(a)(II)-(III), Plaintiff and members of the Overtime Class worked over 40 in individual work weeks or 12 in a work day which required pay at time and one-half their regular hourly rates.

87. Once Plaintiff and members of the Overtime Class worked hours below, at, and above 40 in individual work weeks, they earned regular and overtime compensation, although it

was not paid. As such, any regular and overtime wages for which Plaintiff and members of the Overtime Class were not paid were and are "wages" as defined by the CWA and therefore subject to the requirements of the CWA.

88. Plaintiff and members of the Overtime Class did not receive overtime premiums of one and one-half times their regular rates of pay for hours worked over 40 in individual work weeks or 12 in individual work days.

89. Pursuant to C.R.S. § 8-4-109(3)(b)(I), if an employer fails to pay an employee earned, vested, and determinable wages as set forth by the CWA within fourteen (14) days of service of a civil action, the employee is entitled to a penalty of two times the amount of unpaid wages or compensation.

90. Pursuant to the C.R.S. § 8-4-109(3)(b)(I), if the employee can prove that the employer's failure to pay wages due under the Act was willful, the employee is entitled to a penalty of three times the amount of unpaid wages or compensation.

91. Defendants' failure and refusal to pay earned regular and overtime wages, as demanded herein within the fourteen (14) day period described by the C.R.S. § 8-4-109(3)(a), was willful and in bad faith.

92. Plaintiff and members of the Overtime Class are owed all earned, unpaid wages and statutory penalties, including increased penalties for willful violations of the CWA.

93. Per C.R.S. § 8-4-110, Plaintiff and members of the Overtime Class are entitled to attorneys' fees and costs incurred prosecuting claims under the CWA.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and all other members of the Collective

and Overtime Class, requests that this Court grant the following relief:

a) Designation of this action as a collective action on behalf of the members of the Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated members of the FLSA collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of the members of the Overtime Class and appointing Plaintiff and his counsel to represent the Overtime Class;

c) A declaratory judgment that the practices complained of herein are unlawful under the FLSA, COMPS Order, and CWA;

d) An injunction requiring Defendants to cease their unlawful practices under, and to comply with, the COMPS Order and CWA;

e) An award of overtime compensation due under the FLSA and the COMPS Order;

f) An award of regular compensation due under the COMPS Order;

g) An award of unpaid, earned, and vested regular wages under the CWA;

h) An award of liquidated damages and/or statutory penalties under the FLSA and CWA;

i) An award of additional damages and/or statutory penalties under the FLSA and CWA as a result of Defendants' willful failure to pay overtime compensation;

j) An award of damages representing Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

k) An award of pre-judgment and post-judgment interest at the maximum rate permitted by law;

l) An award of costs and expenses of this action together with attorneys' and expert fees; and,

m) Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he and all members of the Collective and Overtime Class have a right to jury trial.

Respectfully submitted this 24th day of January, 2025.

>/s/ Samuel D. Engelson
Andrew E. Swan
Samuel D. Engelson
LEVENTHAL SWAN TAYLOR TEMMING PC
3773 Cherry Creek N. Drive, Suite 710
Denver, CO 80209
Telephone: (720) 699-3000
Facsimile: (866) 515-8628
Email:     aswan@ll.law
           sengelson@ll.law

John W. Billhorn
BILLHORN LAW FIRM
3773 Cherry Creek N. Drive, Suite 710
Denver, CO 80209
Telephone: (312) 853-1450
Email:     jbillhorn@billhornlaw.com

*Attorneys for Plaintiff*